RECEIVED
IN ALEXANDRIA, LA

SEP 1 4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MICHAEL DEWAYNE WHITE

VERSUS

MICHAEL ASTRUE, COMMISSIONER
      OF SOCIAL SECURITY

CIVIL ACTION NO. 09-cv-1344

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Michael White ("White") filed applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") on or about May 23, 2007 (R. 79-90). The claims were initially denied on September 4, 2007 and White timely filed a request for hearing before an Administrative Law Judge ("ALJ") (R. 38-44, 45-46). The ALJ held a hearing on December 11, 2008 and issued an unfavorable decision on January 8, 2009 (R. 17-37, 5-16). White sought review by the Appeals Council but review was denied on June 2, 2009 (R. 1-4). The decision became the final decision of the Commissioner of Social Security ("the Commissioner"). Accordingly, White filed the instant action seeking judicial review of the Commissioner's decision.

To qualify for DIB and SSI under Title XVI of the Social Security Act, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. §1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. §1382(a). To establish disability,

a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months.  Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy.   42 U.S.C. §1382(a)(3).

## Summary of Pertinent Facts

White, his attorney and Vocational Expert, Wendy P. Klamm, attended the hearing on December 11, 2008 (R. 19).  At the time of the hearing, White was 43 years old and lived with his wife and children in Anacoco, Louisiana (R. 19-20).  He had a high school education and worked from approximately 1990 to 2003 as a soil technician for the State of Louisiana (R. 20-21).

While on the job in May of 2003, he injured his right shoulder (R. 22-23).  Treating physician, J. David DeLapp, M.D. examined White on June 8, 2003 and diagnosed right shoulder bony impingement syndrome and possible rotator cuff partial tear (R. 220).  White underwent surgery on October 1, 2003 to repair his shoulder; however, he never regained full use (R. 205, 199).  Dr. DeLapp noted White would continue to have problems with his shoulder throughout his life and would likely experience worsening (R. 199).

In addition to treating White, Dr. DeLapp provided the Disability Determination on White in August of 2007.  He opined

2

that lifting and carrying were limited to ten pounds occasionally and less than ten pounds frequently.  His ability to stand or sit was not impaired and his postural limitations included no climbing and no frequent balancing, kneeling, crouching, crawling and/or stooping.  Manipulative functions were limited in reaching in all directions including overhead in the right upper extremity and manipulative limitations of the right upper extremity reaching occasionally and handling with the right thumb occasionally (R. 234).

On September 22, 2008, John P. Sandifer, M.D. evaluated White at the request of his attorney.  He diagnosed White with: status post surgery right shoulder for Impingement Syndrome with chronic Tendonitis and continued pain right shoulder; Chronic Tendonitis and Impingement Syndrome left shoulder; and, Bilateral Carpal Tunnel Syndromes (R. 281).  He recommended that:

> Patient's main restriction will be no repetitive lifting and no overhead lifting at all.  I would refer you to the Work Related Activities Form for restrictions which will be permanent with regard to his activities.  It is very likely that he will end up needing surgery on the left shoulder because of these problems too.  He may end up needing Carpal Tunnel releases bilaterally in the future.

Restrictions noted by Dr. Sander on the Work Related Activities Form included lifting and/or carrying up to 10 pounds occasionally and never lifting more than 10 pounds (R. 281).  He further noted White could not sit, stand or walk more than two

hours without interruption and could only sit or walk five hours in an eight hour day and stand seven hours in an eight hour day (R. 283).

In a decision dated January 8, 2009, the ALJ found White met the insured status requirements of the Social Security Act through December 31, 2009 (R. 10). He had not engaged in substantial gainful activity since December 1, 2005 (R. 10). White's severe impairments included: status post-operative right shoulder arthroscopic partial acrominionectomy, debridement partial thickness rotator cuff tear, debridement type SLAP lesion with intra-substance tear of the bicipital groove, long head of the biceps and rotator cuff tendonitis and right thumb slight limitation of motion (R. 10-11). However, the ALJ found none of these severe impairment, either alone or in combination met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 12).

The ALJ found that White had the RFC to perform sedentary work except that he could not repetitively use his right shoulder throughout the day. Yet, there were no restrictions of motion with respect to his hand (R. 13). The ALJ noted this RFC comported with both Dr. DeLapp and Dr. Sandifer's opinions (R. 14). He also found White was unable to perform his past relevant work; was a younger individual as of the date of the alleged disability; had a high school education; could communicate in English and transferability

of work skills was not material (R. 14). Thus, in light of White's age, education, work experience, and RFC, the ALJ found there were jobs that existed in significant numbers in the national economy which White could perform (R. 14). Accordingly, White was not under a disability from December 1, 2005 through the date of the decision (R. 15).

<u>Standard of Review</u>

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. <u>McQueen v. Apfel</u>, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion. It must be more than a scintilla but need not be a preponderance. <u>Falco v. Shalala</u>, 27 F.3d 160, 162 (5th Cir. 1994), citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th

5

Cir. 1987); <u>Dellolio v. Heckler</u>, 705 F.2d 123, 125 (5th cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. <u>Allen v. Schweiker</u>, 642 F.2d 799, 801 (5th Cir. 1981). Also, <u>Anthony v. Sullivan</u>, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. <u>Dellolio</u>, 705 F.2d at 125. However, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340, 343-344 (5th Cir. 1988); citing, <u>Hames v. Heckler</u>, 707 F.2d 162, 164 (5th Cir. 1983). Also, <u>Dellolio</u>, 705 F.2d at 125.

<u>Issues</u>

White raises the following issues for appellate review:

1. Substantial evidence does not support the Administrative Law Judge's finding that White is not disabled.

2. The Administrative Law Judge failed in his duty as it relates to the burden to show there are jobs available in significant numbers in the economy which White can maintain.

<u>Substantial Evidence</u>

White contends the ALJ's decision is not supported by substantial evidence and should be overturned. White disagrees with the ALJ's determination that his severe impairments, either

alone or in combination, do not meet a Listing.  In support, White
notes the entries made by Dr. David DeLapp in White's medical
records.   These notes all date back to evaluations from 2004.
However, White's onset date is December 1, 2005.  Accordingly, any
medical records predating the onset date are not relevant.
Moreover, White fails to note a single Listing which he contends
his impairments meet.  He simply discusses how his shoulder did not
improve and he is disabled.   The ALJ ultimately found White's
shoulder, though not 100%, did not render him disabled. A
conclusion which is supported by objective medical evidence as well
as the opinion of White's own treating physician, Dr. DeLapp.

Inability to Maintain Employment

White also contends the ALJ's statement that there are jobs
which exist in the national economy which White can perform is
inaccurate.  In support he notes light work requires one to stand
six hours in an eight hour day and sedentary work requires sitting
six hours of the eight hour day.  In light of these requirements,
White is unable to maintain a job for eight hours a day, five days
a week.

Though White does not point to evidence in the record
supporting his statement that he cannot perform "sustained work
activities in an ordinary work setting on a regular and continuing
basis", the undersigned has reviewed the record in its entirety and
finds only one small tidbit of evidence which could be used to

support this argument.

In his Work Related Activities Form, Dr. Sandifer notes White cannot sit more than five hours in an eight hour day.  While this could be evidence that White cannot perform the requirements of sedentary work, there are no explanations for this restriction, there is no objective evidence to support it and Dr. DeLapp's Disability Determination shows no impairments or restrictions with respect to either sitting or standing.

As substantial evidence supports the finding of the ALJ that White can perform the requirements of sedentary work, this argument is without merit.

Conclusion

Accordingly, IT IS RECOMMENDED that White's appeal be DENIED AND DISMISSED WITH PREJUDICE.

Under the provision of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes

a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of September 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE